UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHERINE J.S.W., <br><br>   Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>   Defendant. | Case No. 3:20-cv-05602-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance (DIB) and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I. ISSUES FOR REVIEW

A. Whether the ALJ erred in finding Plaintiff's myofascial pain syndrome was not a severe impairment.

B. Whether the ALJ erred in finding Plaintiff's impairments did not meet or equal the severity of a listed impairment.

C. Whether the ALJ properly evaluated medical opinion evidence.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

    D.  Whether the former Commissioner's appointment was unconstitutional, and whether plaintiff has established standing.

## II.    BACKGROUND

On February 27, 2015, Plaintiff filed applications for DIB and SSI, alleging in both applications a disability onset date of November 20, 2014. Administrative Record ("AR") 208, 214. The date Plaintiff was last insured for the DIB claim was December 31, 2018. Plaintiff's applications were denied upon official review and upon reconsideration. AR 94–95, 128–29. A hearing was held before Administrative Law Judge ("ALJ") Vadim Mozyrsky on January 20, 2017. AR 32–61. On March 3, 2017, ALJ Mozyrsky issued a decision finding that Plaintiff was not disabled. AR 10–31. On April 27, 2018, the Social Security Appeals Council denied Plaintiff's request for review. AR 1–6

Plaintiff sought review in this Court, and on August 6, 2019, this Court issued an order reversing and remanding the ALJ's decision for further proceedings. AR 898–912. The Appeals Council subsequently vacated the ALJ's decision and ordered a new hearing, which was held before the same ALJ on March 6, 2020. AR 852–75, 915. On April 22, 2020, the ALJ issued a decision again finding that Plaintiff was not disabled. AR 821–50. Plaintiff appeals the 2020 decision of the ALJ.

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

1  reasonable mind might accept as adequate to support a conclusion." *Biestek v.*
2  *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

3  IV.   DISCUSSION

4  In this case, the ALJ found that Plaintiff had the severe, medically determinable
5  impairments of seizure disorder, cervical disc bulge, anxiety, borderline personality
6  disorder, bipolar disorder, and post-traumatic stress disorder. AR 827. Based on the
7  limitations stemming from these impairments, the ALJ found that Plaintiff could perform
8  work at all exertional levels, subject to certain limitations. AR 832.

9  Relying on vocational expert testimony, the ALJ found at step four that Plaintiff
10 could not perform any past relevant work, but could perform other jobs existing in
11 significant numbers in the national economy, thus concluding at step five that Plaintiff
12 was not disabled. AR 842–43.

13 **A. Whether the ALJ erred by finding plaintiff's myofascial pain syndrome was**
14 **not a severe impairment**

15 Plaintiff first assigns error to the ALJ's omission of myofascial pain syndrome
16 from the list of severe impairments at step two. Dkt. 23, p. 3.

17 Defendant employs a five-step "sequential evaluation process" to determine
18 whether a claimant is disabled. *See* 20 C.F.R. § 404.1520, § 416.920. If the claimant is
19 found to be disabled or not disabled at any particular step thereof, the disability
20 determination is made at that step and the sequential evaluation process ends. *See id.*
21 To be found disabled, a claimant must have a "physical or mental impairment" that
22 results "from anatomical, physiological, or psychological abnormalities which can be
23 shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R.
24 § 404.1508, § 416.908. It "must be established by medical evidence consisting of signs,

25

symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. § 404.1508, § 416.908.

At step two of the sequential disability evaluation process, "the medical severity" of a claimant's impairments is considered. 20 C.F.R. 404.1520(a)(4)(ii), § 416.920(a)(4)(ii). If the claimant has no "severe medically determinable" impairment, then he or she will be found not disabled. *Id.* An impairment is "not severe" if it does not "significantly limit [the claimant's] mental or physical abilities to do basic work activities." 20 C.F.R. § 404.1521(a), § 416.920(a); *see also* Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856, at *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988). Plaintiff has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998). The step two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen*, 80 F.3d at 1290.

In the disability reports and during her hearings in 2017 and 2020, Plaintiff and her attorney made no mention of myofascial pain syndrome. AR 35–61, 238, 253, 854-75. Instead, she attributed her pain to fibromyalgia and spinal impairment. AR 41, 238, 253, 862-63. The ALJ considered these impairments following this Court's remand, and

1  Plaintiff does not contest the ALJ's findings about her fibromyalgia and spinal
2  impairment. Dkt. 23; AR 827–28.
3        Instead, Plaintiff now contends that evidence regarding myofascial pain
4  syndrome dated between March 2015 and December 2015 was significant probative
5  evidence the ALJ should have considered. Dkt. 23, pp. 4–5 (citing AR 431, 592, 596,
6  659–660). The entire record does not appear to document this impairment outside of
7  this nine-month period. To be considered severe, an impairment must last at least
8  twelve consecutive months. 20 C.F.R. §§ 404.1509, 416.909. Because Plaintiff did not
9  mention myofascial pain syndrome to the ALJ or otherwise present evidence of
10  sufficient duration, Plaintiff did not establish it as a severe impairment.
11      **B. <u>Whether the ALJ erred by finding Plaintiff's impairments did not meet or**
12          **equal a listed impairment</u>**
13        At step three of the five-step sequential process, the ALJ must evaluate the
14  claimant's impairments to decide whether they meet or equal any of the impairments
15  listed in 20 C.F. R. Part 404, Subpart P, Appendix 1. 20 C.F.R § 416.920(d); *Tackett v.*
16  *Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).
17        If any of the claimant's impairments medically meet or equal a listed impairment,
18  he or she is deemed disabled. *Id.* The burden of proof is on the claimant to establish he
19  or she meets or equals any of the impairments in the Listings. *Tackett*, 180 F.3d at
20  1098. "A generalized assertion of functional problems," however, "is not enough to
21  establish disability at step three." *Id.* at 1100 (citing 20 C.F.R. § 404.1526).
22        A mental or physical impairment "must result from anatomical, physiological, or
23  psychological abnormalities which can be shown by medically acceptable clinical and
24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

laboratory diagnostic techniques." 20 C.F.R. § 416.908. It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." *Id.*; *see also* SSR 96-8p, 1996 WL 374184, at *2 (the determination that is conducted at step three must be made on the basis of medical factors alone).

An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248, at *2.

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings).

Plaintiff alleges, specifically, that the ALJ erred in finding she did not meet the criteria of listing 12.04. Listing 12.04 can be met by satisfying the requirements of paragraphs A and B, or A and C. *See* Pt. 404, Subt P, App. 1 § 12.04 (2017), *Depressive, bipolar and related disorders*. Plaintiffs must provide:

A. Medical documentation of the requirements of paragraph 1 or 2.
1. Depressive disorder, characterized by five or more of the following:
a. depressed mood;
b. Diminished interest in almost all activities;
c. Appetite disturbance with change in weight;
d. Sleep disturbance;
e. Observable psychomotor agitation or retardation;
f. Decreased energy;
g. Feelings of guilt or worthlessness;
h. Difficulty concentrating or thinking;
i. thoughts of death or suicide, or;

2. Bipolar disorder, characterized by three or more of the following:
a. Pressured speech;
b. Flight of ideas;
c. Inflated self-esteem;

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 6

d. Decreased need for sleep;
e. Distractibility;
f. Involvement in activities that have a high probability of painful consequences that are not recognized; or
g. Increase in goal-directed activity or psychomotor agitation.

B. Extreme limitation of one, or marked limitation of two of the following areas of Mental functioning (see 12.00F);
1. Understand, remember, or apply information (see 12.00E)
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3)
4. Adapt or manage oneself (see12.00E4)

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence if the disorder over a period of at least 2 years, and there is evidence of both:
1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and diminishes the symptoms and signs of your mental disorder (see 12.00G2b); *and*
2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2(c).

Pt. 404, Subt P, App. 1 § 12.04 (2017).

     Here, neither party disputes that Plaintiff met the Paragraph A criteria. Dkt. 23, p. 10; AR 417, 445, 590, 612. Yet the ALJ explained that Plaintiff's impairments did not meet the Paragraph B criteria. AR 829–31. The ALJ found that Plaintiff had moderate limitations in understanding, remembering, or applying information, citing mental status examinations that showed tangential thinking and disorganized behavior, but also showed generally intact recall, intact recent and remote memory, an ability to perform three-step commands. AR 829–30.

     In addition, the ALJ noted specific ways in which Plaintiff's activities of daily living, which included caring for her infant daughter and volunteering, supported an ability to understand, remember, and apply information, as they "require[d] memory of

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7

daycare times, transit schedules, recipes, work schedules, and memory of her daughter's daily food and hygiene needs." AR 830.

The ALJ also found Plaintiff had moderate limitations in interacting with others, based on frequent findings of anxious moods, pressured speech, inappropriate laughter, fair insight and judgment, and occasionally depressed moods and flat affect. AR 830. The ALJ contrasted this with the majority of findings that showed "normal mood and affect, good eye contact, good cooperation with providers and engagement in individual and group therapy," as well as Plaintiff's activities, which involved being a greeter in a volunteer position, all of which supported "a tolerance for limited public interaction and greater interaction with familiar people." AR 830.

The ALJ also found Plaintiff had moderate limitations in the areas of concentrating, persisting, and maintaining pace, as well as in adapting and managing herself—for the latter area, citing occasional emotional lability, pseudoseizures, and a brief period of inpatient treatment, but noted that Plaintiff "was overwhelmingly cooperative with providers and engaged appropriately in group therapy sessions[,]" maintained good hygiene on her own, showed mostly normal insight and judgment, and was able to live on her own and care for a young child. AR 831.

Plaintiff challenges the ALJ's assessment of her ability to interact with others and to adapt and manage herself. Dkt. 23, pp. 10–11. Plaintiff notes that consultative examiner Dr. Zanger opined Plaintiff's "tangentiality and emotional instability would make it very difficult for others to interact with her," and that she was not adaptable; Plaintiff selectively cites more recent treatment notes. *Id.* (citing AR 420, 996–1315, 1320, 1325, 1393, 1520). Plaintiff asserts that this would satisfy the Paragraph B criteria

of Listing 12.04—that is, that she was extremely limited in this area of mental functioning.

The Court finds that the ALJ did not err in his evaluation of Dr. Zenger's opinion or in his assessment of Plaintiff's mental limitations. The ALJ considered Plaintiff's generally benign mental status exam results, and her ability to sustain a daily routine that required significant social interaction and adaptability, and found that these compensated, to an extent, for her limitations in these areas. The ALJ is entitled to draw reasonable inferences logically flowing from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Although plaintiff construes an extreme limitation from Dr. Zenger's opinion, this does not render the ALJ's interpretation irrational and the Court declines to reweigh the evidence.

Plaintiff's argument that she met the "paragraph C" criteria, based on a general citation to therapy notes and to her own testimony of marginal adjustment capability, similarly fails. The ALJ expressly concluded that Plaintiff's performance of part-time work, a volunteer greeter position, and independent care of an infant child was incompatible with her contention that she suffered from significant adaptation problems. AR 831, 839. This evidence, in addition to Plaintiff's longitudinal examination findings, served as substantial evidence for the ALJ's finding that Plaintiff did not fulfill the paragraph C listing criteria. AR 831.

**C. <u>Whether the ALJ Erred in Assessing Plaintiff's Subjective Symptom Testimony</u>**

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)

(citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen*, 80 F.3d at 1284.  The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

Here, Plaintiff initially alleged disability due to anxiety, post-traumatic stress disorder, suicidal tendencies, obsessive-compulsive disorder, bipolar disorder, hypomania, chronic depression, seizures, vascular issues, fibromyalgia, carpal tunnel syndrome, hearing loss in her left ear, and multiple sclerosis. AR 238. In a function report, she stated that she used a cane every day due to balance issues, had difficulty bending down and picking items up, and although she could cook, she needed to sit down while her food was on the stove. AR 283–89.

She testified that she had manic episodes three times a week, her memory was poor, and she had trouble paying attention in workplace settings. AR 861. As to her physical symptoms, she testified that her hands were stiff and swollen in the morning, she had weekly chronic pain flare-ups, her joints were loose, and she could injure her

hands without feeling it. AR 837, 863. Finally, she stated that she could walk for less than one hour at a time and could stand or sit for a maximum of 30 minutes. AR 44.

The ALJ found this testimony to be (1) inconsistent with physical and mental examination findings, which showed improving health, and (2) inconsistent with Plaintiff's activities of daily living. AR 833–39.

With respect to the ALJ's first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ's decision may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

Plaintiff alleged impaired memory that interfered with her activities. AR 833, 857, 861. However, the ALJ found that Plaintiff showed memory difficulties in some exams, but there were also many findings of normal concentration, normal memory, and alert mental status. AR 838–39 (citing AR 310, 508, 741, 747, 749, 751, 753, 757, 766, 1033, 1040–44, 1047, 1050, 1055, 1059, 1062–66, 1070-76, 1081–88). Although Plaintiff testified her pain symptoms caused her to be irritable, and the ALJ found that Plaintiff was sometimes irritable, the ALJ specifically contrasted this self-report with findings of organized thought process, intact memory, and fair concentration AR 836 (citing AR 417, 749, 755, 1179, 1181, 1183).

Similarly, the ALJ also found that Plaintiff's assertion that she had an anti-social tendency was consistent with some records earlier in the relevant period showing a depressed mood, flat affect, inappropriate laughter, and inconsistent eye contact -- but the ALJ contrasted these with the bulk of the longitudinal record where Plaintiff showed a normal (euthymic) mood, appropriate affect, good eye contact, and good cooperation in both individual and group therapy. AR 839 (citing AR 417, 764, 1032–33, 1113-20, 1129, 1133, 1139–43, 1163–78, 1198–92, 1303–04). The ALJ's conclusion that the objective evidence did not comport with Plaintiff's allegations was supported by substantial evidence. AR 833, 836–39.

In addition, the ALJ found Plaintiff's activities of daily living were inconsistent with her alleged symptoms. A claimant's participation in everyday activities, indicating capacities that are transferable to a work setting, may constitute grounds for an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (emphasis added). Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not vegetate in a dark room" in order to be deemed eligible for benefits)).

Here, the ALJ noted Plaintiff's consistent volunteer work as a receptionist, which she performed several days a week during the relevant period, to be consistent with some capacity for coworker interaction. AR 839. In addition, the ALJ noted Plaintiff was able to work part time for a fast-food restaurant for several months in 2017. AR 839 (citing AR 1086, 1088, 1090, 1101, 1137, 1392). "An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled." *Ford v.*

*Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Further, the ALJ made specific findings as to how Plaintiff's ability to care for her infant child, perform housework, and use public transit contradicted alleged limitations on her ability to perform work activities. AR 839.

### D. Issues raised in Plaintiff's supplemental brief: should the Court reverse and remand this case due to Constitutional violations?

Plaintiff argues that the statutory restriction on the President's removing the Social Security Administration Commissioner was unconstitutional under *Collins v. Yellin*, and *Selia Law LLC v. SFPB*, as interpreted by the Office of Legal Counsel. *Constitutionality of the Commissioner of Social Security's Tenure Protection,* 45 Op. O.L.C. __ (July 8, 2021) https://www.justice.gov/olc/file/1410736/download. Plaintiff relies on *Collins v. Yellin,* 594 S. Ct. 1761 (2021), *Selia Law LLC v. Consumer Fin. Prot. Bureau*, , 140 S.Ct. 2183 (2020), and *Lucia v. SEC,* 138 S.Ct. 2044 (2018) and contends the Court is required to remand the case for a de novo agency hearing, because the ALJ was not acting pursuant to properly delegated authority, therefore the ALJ did not have legal authority to review the case and make a decision. Dkt. 31 at 3-6. Plaintiff argues that she has been prejudiced by alleged bias of the former Commissioner Saul, as described by the President of the United States upon removing Saul from office. Dkt. 31 at 5-6.

The Defendant counters these arguments by stating that Plaintiff lacks standing because she cannot show a cognizable injury that is unique to her situation. Dkt. 32 at 2-9. And, even if Plaintiff would be able to establish a compensable harm, the Defendant relies on the de facto judge doctrine, and the rule of necessity. Dkt. 32 at 9-12. In addition, the Defendant points out the prudential considerations that the Court

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 13

should engage in, due to the complexity and size of the Social Security Administration and its constituency. Dkt. 32 at 12-14.

The parties agree (Dkt. 32 at 2) that former SSA Commissioner Andrew Saul was appointed to an office under a statute [42 U.S.C. § 902(a)(3)] that did not allow the President of the United States to remove the Commissioner at will. The President would have to rely on "neglect of duty or malfeasance in office" to support a "for cause" dismissal. 42 U.S.C. § 902(a)(3).

If a separation of powers violation occurred as a result of the 42 U.S.C. § 902(a)(3) statutory language, then Plaintiff has a right, shared by everyone in this country, to bring a challenge the under separation of powers doctrine only if she has Article III standing to invoke the Court's jurisdiction under *Collins v. Yellin,* 594 S. Ct. 1761 (2021), and *Selia Law LLC v. Consumer Fin. Prot. Bureau,* , 140 S.Ct. 2183 (2020). To have standing, Plaintiff must show she is an aggrieved party – she must establish there is a nexus between the Constitutional violation and an unlawful action of the ALJ in her specific case, and that she has a compensable injury to be redressed. *Collins,* 594 S. Ct. at 1787, 1788, n.23, and n.24.

Plaintiff argues that all actions taken by Commissioner Saul – including all actions taken by ALJ's who served during his tenure – would be void because of the allegedly unconstitutional removal provision. The Court in *Collins* rejected this argument. *Collins,* at 1779.

In *Collins*, the plaintiffs showed they had property rights that were injured, and the injury was traceable to the FHFA's actions (actions pursuant to a decision made during the Director's tenure and implemented for many years thereafter), and a decision in

plaintiff's favor could lead to an award of relief sought by plaintiff; by contrast, in this case, Plaintiff cannot meet any of the three-part criteria to establish Article III standing. Under the Court's holding, in order to establish Article III standing, plaintiff is required to show that she suffered compensable harm as a result of the Constitutional separation of powers violation. *Collins v. Yellin,* 594 S. Ct. at 1787, 1788 n.23, and n.24; *see Decker Coal Company v. Pehringer,* 8 F.4th 1123, 1136-1138 (9th Cir. 2021) (plaintiff brought a separation of powers challenge to the Department of Labor ALJ's authority under *Collins v. Yellin* and *Selia Law* – but failed to show any indication that the ALJ took unlawful action, nor did plaintiff make any showing of a nexus between the allegedly unconstitutional removal provisions and plaintiff's specific case, nor any compensable harm; the Court declined to remand for a new hearing).

Plaintiff has not shown that the ALJ in her case was actually appointed by former Commissioner Saul. It appears that the ALJ was appointed in 2018 by an Acting Commissioner of Social Security, Ms. Nancy Berryhill.  See Dkt. 32, Defendant's Supplemental Brief, at 4-5; 42 U.S.C. § 902(b)(4); *Collins,* 141 S.Ct. at 1783. But Plaintiff's argument does not depend on whether Mr. Saul, or Ms. Berryhill, was the appointing authority for the ALJ who conducted the hearing and decision in Plaintiff's case. According to Plaintiff's argument, when Mr. Saul was occupying the position of Commissioner, all of the ALJ's who conducted hearings would have been biased because they were tainted by the alleged separation of powers violation. See Dkt. 31 at 3 (asserting that all actions of the SSA between Mr. Saul's appointment as Commissioner on June 17, 2019 and his removal from that appointment on July 9, 2021, would be "tainted by [Saul's unconstitutional appointment and tenure]".)

Plaintiff has not made any showing of how this alleged constitutional violation caused any compensable harm in her specific situation. *Collins,* at 1779 ("plaintiff must show that it has suffered an 'injury in fact' that is 'fairly traceable' to the defendant's conduct and would likely be 'redressed by a favorable decision.'" (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561)). Plaintiff is not required to show that the ALJ would have decided her appeal differently and awarded benefits -- but for the statutory issue identified as a potential separation of powers violation by the Office of Legal Counsel. *Constitutionality of the Commissioner of Social Security's Tenure Protection,* 45 Op. O.L.C. __ (July 8, 2021) https://www.justice.gov/olc/file/1410736/download. *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S.Ct. 2183, 2196 (2020) (in order to show traceability, the litigant is not required to show the U.S. Government's conduct would have been different if the Government had acted with proper authority under the Constitution).

Yet, Plaintiff must show compensable harm. *See Decker Coal Company v. Pehringer,* 8 F.4th 1123, 1137 (9th Cir. 2021) ("Here, the ALJ lawfully exercised power that he possessed by virtue of his appointment, which the Secretary ratified before the ALJ adjudicated the claim. Absent a showing of harm, we refuse to unwind the decisions below.")

Because Plaintiff has not shown any compensable harm fairly traceable to the actions of former Commissioner Saul, under *Collins v. Yellin,* 594 S. Ct. 1761,1788 (2021), the Plaintiff's situation is distinguishable from the plaintiff's claims in *Collins*; Plaintiff has failed to establish standing and the Court need not address the Plaintiff's or Defendant's additional arguments.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 12th day of November, 2021.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge